NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-3127
_____

CLAUDIA NOEMY ROMAN-ENRIQUEZ,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(BIA 1:A206-890-636)
Immigration Judge: Shana W. Chen
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 3, 2024

Before: JORDAN, HARDIMAN, and PORTER, *Circuit Judges*

(Filed September 6, 2024)
_____

OPINION*
_____

JORDAN, *Circuit Judge*.

An Immigration Judge ("IJ") denied Claudia Noemy Roman-Enriquez asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT"), and

---

* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

the Board of Immigration Appeals ("BIA") dismissed her appeal. Roman-Enriquez petitions us for review. Because substantial evidence supports the BIA's decision, we will deny her petition.

## I. BACKGROUND

Roman-Enriquez, an indigenous native and citizen of Guatemala, illegally entered the United States on January 21, 2015. After the government initiated removal proceedings against her, she admitted to entering the country illegally but asked for asylum, withholding of removal, and CAT relief. At her hearing before an IJ, Roman-Enriquez testified that she was sexually assaulted on the way to work in her hometown in Guatemala. A man in his twenties, whom she did not recognize, blocked her path, grabbed her breasts, and then threatened to kill her if she told anyone. She and her mother traveled to the nearest police station – a two-hour bus ride away – but, in her telling, the police "did not believe" her and considered her assault "the temptation of a man." (A.R. at 113.) She saw the man again soon after and, fearing for her safety, fled to the United States.

The IJ denied her requests for asylum, withholding of removal, and CAT relief, and the BIA dismissed her appeal, reasoning that the sexual assault and concomitant threat did not constitute past persecution, the attack was not perpetrated because she was an indigenous person or a woman, and she did not have a well-founded fear of future persecution or torture if removed to Guatemala. She timely petitioned for review.

2

## II. DISCUSSION[1]

### 1. Asylum and Withholding of Removal[2]

To be eligible for asylum, an alien must demonstrate either past persecution or a well-founded fear of future persecution based on her "race, religion, nationality, membership in a particular social group, or political opinion[.]" 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)(A). In particular, the asylum-seeker must show that a protected ground "was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i). The statute "makes motive critical" and an applicant "must provide some evidence of it, direct or circumstantial." *INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (emphasis omitted). Moreover, asylum may not be granted "when the characteristic at issue played only an incidental, tangential, or superficial role in persecution." *Thayalan v. Att'y Gen.*, 997 F.3d 132, 142 (3d Cir. 2021) (internal quotation marks omitted). On appeal, Roman-Enriquez presses her membership in one "particular social group," indigenous Guatemalan women, and claims that she

---

[1] The BIA had jurisdiction under 8 C.F.R. § 1003.1(b)(3). We have jurisdiction pursuant to 8 U.S.C. § 1252(a). "[B]ecause the BIA issued its own opinion[] and did not simply adopt the opinion of the IJ, we review the BIA's decision." *Inestroza-Tosta v. Att'y Gen.*, 105 F.4th 499, 516 (3d Cir. 2024) (ellipsis and internal quotation marks omitted). We review factual findings under a substantial evidence standard, so "findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Herrow v. Att'y Gen.*, 93 F.4th 107, 112 (3d Cir. 2024) (internal quotation marks omitted). We review legal determinations de novo. *Id.* at 112-13.

[2] "We … review for substantial evidence whether a petitioner's past or future harm was perpetrated because of a protected ground." *Inestroza-Tosta*, 105 F.4th at 519 n.21 (internal quotation marks omitted).

3

suffered persecution in the form of an "ongoing threat of being killed by an unknown attacker[.]" (Opening Br. at 17.) But substantial evidence supports the BIA's finding that Roman-Enriquez failed to prove her attacker was motivated by her indigeneity or would be in a potential future attack. While she makes a generalized statement that indigenous women have a distinct look and are often mistreated, Roman-Enriquez presents no evidence linking her status to her attacker's motive. Thus, we will not disturb the BIA's decision that Roman-Enriquez is not eligible for asylum.

Nor will we disturb its decision denying her withholding of removal. "An alien qualifies for withholding of removal if [s]he can show … that it is more likely than not that [s]he would be persecuted on the basis of a protected status or trait[.]" *Inestroza-Tosta v. Att'y Gen.*, 105 F.4th 499, 517 (3d Cir. 2024) (internal quotation marks omitted). "Since this standard is more demanding than that governing eligibility for asylum, an alien who fails to qualify for asylum is necessarily ineligible for withholding of removal." *Valdiviezo-Galdamez v. Att'y Gen.*, 663 F.3d 582, 591 (3d Cir. 2011). Because Roman-Enriquez cannot show that her protected status played or will play a role in her alleged persecution, she necessarily fails to demonstrate that she meets the higher "more likely than not" standard for withholding of removal. *See id.*

### 2. Convention Against Torture[3]

To be eligible for CAT relief, an alien must demonstrate "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal."

---

[3] We review the question of "what is likely to happen to the petitioner if removed" for substantial evidence. *Myrie v. Att'y Gen.*, 855 F.3d 509, 516 (3d Cir. 2017).

4

*Myrie v. Att'y Gen.*, 855 F.3d 509, 515 (3d Cir. 2017) (quoting 8 C.F.R. § 1208.16(c)(2)).

For an act to be "torture," it must be an intentional, unlawful act causing severe physical or mental pain or suffering "by or at the instigation of or with the consent or acquiescence of a public official who has custody or physical control of the victim[.]" *Id.* (quoting *Auguste v. Ridge*, 395 F.3d 123, 151 (3d Cir. 2005)). On appeal, Roman-Enriquez claims "that if removed to Guatemala, she would be killed" by "gang members." (Opening Br. at 26-27.) As evidence, she presents generalized reports of gang violence in Guatemala, especially directed at indigenous women. "Although the reports confirm that torture takes place in [Guatemala], they do not compel the conclusion that [Roman-Enriquez] would be tortured if returned." *Almaghzar v. Gonzales*, 457 F.3d 915, 923 (9th Cir. 2006); *see also Hernandez Garmendia v. Att'y Gen.*, 28 F.4th 476, 484 (3d Cir. 2022) ("The specter of torture must be supported by specific evidence that the individual applicant is more likely than not to be singled out."); *cf. Saban-Cach v. Att'y Gen.*, 58 F.4th 716, 735 (3d Cir. 2023) (relying on generalized evidence of gang violence in Guatemala together with evidence that the petitioner was threatened and targeted by gangs in the past to establish a likelihood of future torture). Here, Roman-Enriquez did not present evidence showing that any gangs targeted her specifically.[4] Thus, the BIA's decision denying Roman-Enriquez CAT relief is supported by substantial evidence.

---

[4] To the extent Roman-Enriquez maintains that she is afraid that "[t]he same man that attacked [her] at that time" will "kill[] or rape[]" her if she returned to Guatemala (J.A. at 120), substantial evidence supports the BIA's finding that it is not more likely than not that the man, a stranger, will hunt Roman-Enriquez across Guatemala.

**III.    CONCLUSION**

For the foregoing reasons, we will deny Roman-Enriquez's petition for review.